IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERREANNE JULIAN,

        Plaintiff,

vs.                                            Civ. No. 02-353 MV/WWD

CORNELL CORRECTIONS OF TEXAS,
INC., and WARDEN ROMERO, Individually
and as Warden of the facility,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the Motion to Compel filed by Plaintiff on January 10, 2003 [docket no. 21]. The motion is narrowed by the reply to a motion seeking an order compelling Defendants "to properly answers interrogatory number 5 and request for production number 11." Defendants, after pointing out that Fed. R. Civ. P. 33(d) "allows for production of business records in lieu of answering an interrogatory where, as here, the burden of extracting the requested information would be substantially equal for either party", indicates that the Defendants are "continuing to search for records which may enable them to determine the identities of persons who filled positions vacated by employees who were terminated, resigned from or transferred to another position." Essentially, Defendants are stating that although they have furnished some business records from which Plaintiff might extract some of the answers to the inquiry posed by interrogatory no. 5, there may well be other information which has not been furnished to Plaintiff. In such a situation, it is not fair to force Plaintiff to rely solely on a record

production which may or may not be complete rather than to require the interrogatory to be answered; accordingly, Defendants shall be required to make a full and detailed answer to the matters sought in interrogatory no. 5, to wit:

> INTERROGATORY NO. 5: Please list each position which became available, and was filled between October 2000 and May 2001, and which person filled the position.

Request for Production No. 11 reads as follows, to wit:

> Please provide applications for any, and all, positions which became available from the time period of October 2000 to May 2001.

After pointing out that Defendants do not retain copies of applications from applicants who are not hired, Defendants indicated that it would be overly burdensome to produce the documents sought. Defendants also protest that the documents sought "are not relevant or admissible".

The documents sought are discoverable. In the discovery phase of this litigation, it is not necessary to determine whether they would be admissible.

**WHEREFORE,**

**IT IS ORDERED** that on or before March 17, 2003, Defendants shall serve upon Plaintiff a full and detailed answer to Interrogatory No. 5 and Defendants shall produce to Plaintiff all documents in their possession or control as called for in Request for Production No. 11.

_____
UNITED STATES MAGISTRATE JUDGE